**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **CTP INNOVATIONS, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **INTEGRACOLOR** | § | |
| | § | **Civil Action No. 2:13-CV-00484-JRG** |
| **Defendant.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | |
| | § | |
| | § | |

**DEFENDANT INTEGRACOLOR'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Pursuant to the Federal Rules of Civil Procedure 7 and 12, Defendant IntegraColor submits its Answer and Affirmative Defenses in response to Plaintiff CTP Innovations, LLC's ("CTP") Complaint for Patent Infringement (hereinafter "the Complaint"), in correspondingly numbered paragraphs.  Except as expressly admitted herein, IntegraColor denies all allegations in the Complaint.

## I. PARTIES

1.      IntegraColor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and therefore denies the same.

2.      IntegraColor admits that it is an entity with a principal place of business located at 3210 Innovative Way, Mesquite, Texas  75149, that it does business in the State of Texas and that it was served with process in this lawsuit.  Except as expressly admitted, IntegraColor denies the

allegations contained in Paragraph 2 of the Complaint.

## II. <u>NATURE OF ACTION</u>

3.      IntegraColor admits that this is a patent infringement action, regarding U.S. Patent Nos. 6,611,349 ("the '349 Patent") and 6,738,155 ("the '155 Patent").   IntegraColor denies the remaining allegations contained in Paragraph 3 of the Complaint.

## II. <u>JURISDICTION AND VENUE</u>

4.      IntegraColor admits that this Court has subject matter jurisdiction over the subject matter of the Complaint.

5.      Denied.  IntegraColor denies that venue is proper in this district, as IntegraColor is not a resident of this judicial district.  IntegraColor denies that it has a regular and established place of business in this district and further denies that it has committed any of the alleged acts of infringement.

6.      IntegraColor denies that it is subject to this Court's personal jurisdiction.  IntegraColor also denies that it has infringed the patents-in-suit and further denies that it regularly does or solicits business in this judicial district.

## IV.  <u>CAUSES OF ACTION</u>

### <u>COUNT ONE – NON-INFRINGEMENT OF THE '349 PATENT</u>

7.      IntegraColor admits that the '349 Patent is entitled "System and Method of Generating a Printing Plate File in Real Time Using a Communication Network."  IntegraColor admits that what appears to be a copy of the '349 Patent is attached as Exhibit 1.  IntegraColor denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.      IntegraColor denies each and every allegation of Paragraph 8 of the Complaint.

9.      IntegraColor admits that CTP's counsel sent a letter dated April 19, 2013 to IntegraColor, but otherwise denies the allegations contained in Paragraph 9 of the Complaint.

10.     IntegraColor denies each and every allegation of Paragraph 10 of the Complaint.

11.     IntegraColor denies each and every allegation of Paragraph 11 of the Complaint.

12.     IntegraColor denies each and every allegation of Paragraph 12 of the Complaint.

13.     IntegraColor denies each and every allegation of Paragraph 13 of the Complaint.

14.     IntegraColor denies each and every allegation of Paragraph 14 of the Complaint.

## COUNT TWO – NON-INFRINGEMENT OF THE '155 PATENT

15.     IntegraColor incorporates by reference all of the foregoing paragraphs, as if set forth herein.

16.     IntegraColor admits that the '155 Patent is entitled "System and Method of Providing Publishing and Printing Services via a Communications Network."  IntegraColor admits that what appears to be a copy of the '155 Patent is attached as Exhibit 2.  IntegraColor denies the remaining allegations contained in Paragraph 16 of the Complaint.

17.     IntegraColor denies each and every allegation of Paragraph 17 of the Complaint.

18.     IntegraColor admits that CTP's counsel sent a letter dated April 19, 2013 to IntegraColor, but otherwise denies the allegations contained in Paragraph 18 of the Complaint.

19.     IntegraColor denies each and every allegation of Paragraph 19 of the Complaint.

20.     IntegraColor denies each and every allegation of Paragraph 20 of the Complaint.

21.     IntegraColor denies each and every allegation of Paragraph 21 of the Complaint.

22.     IntegraColor denies each and every allegation of Paragraph 22 of the Complaint.

23.     IntegraColor denies each and every allegation of Paragraph 23 of the Complaint.

## V.  DENIAL OF CTP'S PRAYER FOR RELIEF

IntegraColor denies that CTP is entitled any relief whatsoever, including the relief requested in the Request for Relief portion of the Complaint and subparagraphs 1-8 thereto, and denies any allegations contained therein.

## VI.  AFFIRMATIVE DEFENSES

Without prejudice to the denials hereinabove set forth in the Answer, without admitting any of CTP's allegations not otherwise admitted, and without undertaking any of the burdens imposed by law on CTP, IntegraColor asserts the following defenses to CTP's Complaint, and expressly reserves the right to allege additional Affirmative Defenses as they become known during this litigation:

### FAILURE TO STATE A CLAIM

1.     The Complaint fails to state a claim upon which relief may be granted.

### NON-INFRINGEMENT OF THE PATENTS-IN-SUIT

2.     IntegraColor does not infringe, and has not infringed, either directly, contributorily, by inducement, jointly, literally, or under the doctrine of equivalents, any valid and enforceable claim of the '349 Patent or the '155 Patent (the "patents-in-suit").

### INVALIDITY OF THE PATENTS-IN-SUIT

3.     One or more claims of the patents-in-suit are invalid or void for failing to comply with one or more of the conditions for patentability set forth in Part II of Title 35 of the United States

Code, including, but not limited to, §§ 101, 102, 103, and 112.

### LIMITATION ON DAMAGES AND COSTS

4.      CTP's claim for relief and prayer for damages are limited by 35 U.S.C. §§ 286, 287. CTP's recovery of costs is limited under 35 U.S.C. § 288.

### UNENFORCEABILITY – ESTOPPEL, ACQUIESCENCE, AND WAIVER

5.      CTP is barred in whole or in part by the doctrines of estoppel, acquiescence, unclean hands and waiver from enforcing the patents-in-suit against IntegraColor.

### PATENT EXHAUSTION, PATENT MISUSE, AND FIRST SALE DOCTRINE

6.      Upon information and belief, CTP is barred in whole or in part by the doctrines of patent exhaustion, patent misuse, and/or the first sale doctrine from enforcing the patents-in-suit against IntegraColor.

### LICENSE

7.      CTP's claims are barred to the extent that any accused instrumentalities are supplied, directly or indirectly, to IntegraColor by an entity or entities having an express or implied license to the patents-in-suit.

### ADEQUATE REMEDY OTHER THAN INJUNCTIVE RELIEF

8.      CTP is not entitled to injunctive relief because any alleged injury to CTP is not immediate and irreparable, CTP cannot show likelihood of success on the merits, and/or CTP has an adequate remedy at law.

Dated: August 23, 2013

Respectfully submitted,


__s/ John M. Jackson_____
John M. Jackson
Texas Bar No. 24002340
Nathaniel St. Clair, II
Texas Bar No. 24071564
Matthew C. Acosta
Texas Bar No. 24062577
**JACKSON WALKER L.L.P.**
901 Main Street, Suite 6000
Dallas, Texas 75202-3797
Telephone:  (214) 953-6000
Facsimile:  (214) 953-5822

***ATTORNEYS FOR DEFENDANT,***
***INTEGRACOLOR***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 23, 2013, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means, all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail today, August 23, 2013.

/s/ John M. Jackson
John M. Jackson